# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YVONNE JANETTA TUNSTALL,<br><br>Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>Defendant. | Case No.: 1:17-cv-00922-BAM<br><br>**ORDER REGARDING PLAINTIFF'S SOCIAL SECURITY COMPLAINT** |

## INTRODUCTION

Plaintiff Yvonne Janetta Tunstall ("Plaintiff") seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her application for supplemental security income ("SSI") under Title XVI of the Social Security Act. The matter is currently before the Court on the parties' briefs, which were submitted, without oral argument, to Magistrate Judge Barbara A. McAuliffe.[1]

Having considered the briefing and record in this matter, the Court finds the decision of the Administrative Law Judge ("ALJ") to be supported by substantial evidence in the record as a whole and based upon proper legal standards. Accordingly, this Court affirms the agency's determination to deny benefits.

## BACKGROUND

---

[1] The parties have consented to the jurisdiction of the United States Magistrate Judge for all proceedings in this case, including entry of final judgment. (Doc. Nos. 7, 8.)

1

Plaintiff filed a prior application for SSI on July 16, 2009, alleging disability beginning on January 29, 1970. AR 80.[2] This application was denied initially and on reconsideration. AR 80. Plaintiff thereafter filed a written request for hearing and an oral hearing was held before ALJ Christopher Larsen on September 16, 2011. AR 80. Plaintiff appeared and testified at this hearing without the assistance of an attorney or other representative. AR 80. ALJ Larsen issued a decision on December 15, 2011, finding that Plaintiff was not disabled because her medically-determinable impairments were non-severe. AR 80-88. Plaintiff requested review of ALJ Larsen's decision and the Appeals Council denied her request on February 22, 2013, making ALJ Larsen's decision the Commissioner's final decision. AR 92-98, 123-124.

On April 15, 2013, Plaintiff filed her current application for SSI alleging disability beginning on December 16, 2011. AR 209-233. Plaintiff's application was initially denied on August 5, 2013, and upon reconsideration on February 12, 2014. AR 127-131, 136-141. Subsequently, Plaintiff requested a hearing before an ALJ. AR 132-135. ALJ Danny Pittman conducted an oral hearing on December 22, 2015. AR 20. ALJ Pittman issued an order denying benefits on February 24, 2016. AR 20-28. Plaintiff sought review of ALJ Pittman's decision on March 10, 2016. AR 208. The Appeals Council denied Plaintiff's request on May 8, 2017, making ALJ Pittman's decision the Commissioner's final decision on Plaintiff's current application. AR 1-6. This appeal followed.

**Hearing Testimony**

ALJ Pittman held a hearing on December 22, 2015, in Fresno, California. AR 36. Plaintiff appeared with her attorney, Mark Silverman. AR 36. Vocational Expert ("VE") Cheryl Chandler was also present.

In response to questioning by the ALJ, Plaintiff testified that she is separated and has five adult children. AR 38. Plaintiff lives in a house with a friend and has no source of income but receives public assistance. AR 38-39. She does not currently have a driver's license and is driven by her mother, friend, or children. AR 39. The highest grade Plaintiff completed in school was the ninth grade. AR 39. She has never received any vocational training or been in the military. AR 39-34. Plaintiff further testified

---

[2] References to the Administrative Record will be designated as "AR," followed by the appropriate page number.

2

that she has not been employed for at least 25 years and was previously receiving SSI benefits, which ended in approximately 2010. AR 40.

When questioned by her attorney, Plaintiff testified that she suffers from daily stiffness and joint pain in her ankles, feet, hip, back, neck, and shoulders. AR 41-42. Plaintiff additionally suffers from headaches approximately three to four times a week. AR 43-44. Plaintiff also has asthma, which causes chest pain, spasms, shortness of breath, hyperventilating, lightheadedness, loss of consciousness, and blurred vision and experiences tingling and muscle spasms in her legs, feet, hip, ankles, and arms. AR 44-46. Plaintiff further testified regarding her functional limitations resulting from her physical impairments, including difficulties grasping items, inability to sit for longer than 20 to 30 minutes at a time or stand for longer than 30 to 60 minutes. AR 46-49.

As to her mental impairments, Plaintiff testified that she hears voices on a daily basis telling her that others are going to hurt her. AR 49. Plaintiff's medications calm the voices somewhat but makes her drowsy and sleepy. AR 49-50. Plaintiff additionally testified that she experiences depression and is unable to leave her room. AR 50. On an average day, Plaintiff lies down or sleeps all day other than to use the bathroom. AR 51. Plaintiff testified that she is unable to mop, sweep, or do her own laundry and prepares her own meals once a week. AR 51-52.

Following Plaintiff's testimony, the ALJ elicited testimony from VE Cheryl Chandler. AR 53. The ALJ asked the VE hypothetical questions, all of which assumed a person with the same age and education as Plaintiff with no prior work history. AR 54. For the first hypothetical, the ALJ asked the VE to assume an individual capable of medium exertion and simple, routine tasks but must avoid concentrated exposure to fumes, odors, dust, and gases, including those created in a kitchen. AR 54. The VE testified that this person could perform medium work in the national economy, such as a change person, hand packer, or childcare attendant. AR 54-55.

For the second hypothetical, the ALJ asked the VE to assume that the same hypothetical individual would be capable of light exertion and simple, routine tasks but would again be required to avoid concentrated exposure to fumes, odors, dust, and gases. AR 55. The VE testified that this person would be able to perform light work as a ticket taker, marker, or garment sorter. AR 55.

For the third hypothetical, the ALJ asked the VE to assume that the same hypothetical individual would be capable of sedentary exertion and simple, routine tasks but must avoid concentrated exposure to fumes, odors, dust, and gases, including those created in a kitchen. AR 55. The VE testified that there would be work available as an ampoule sealer, assembler, or table worker. AR 55-56.

For the fourth hypothetical, the ALJ asked the VE to assume that the same hypothetical individual described in the first, second, and third hypotheticals would be off task at least twenty percent of the time. AR 56. The VE testified there would be no work available.

Plaintiff's attorney then asked the VE hypothetical questions. AR 56. The VE was asked to assume a hypothetical individual with Plaintiff's age, education, and work background who would need to lay down for one hour outside normally scheduled breaks on a consistent basis. AR 56. The VE testified that there would be no work available. AR 56-57. Plaintiff's attorney then asked the VE to assume that the hypothetical individual would miss a total of two days per month spread out over several days. AR 57. The VE testified that there would be no work available. AR 57.

**Medical Record**

The entire medical record was reviewed by the Court and is referenced below as necessary to this Court's decision.

**The ALJ's Decision**

Using the Social Security Administration's five-step sequential evaluation process, ALJ Pittman determined that Plaintiff was not disabled. AR 20-28. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since April 15, 2013, the application date. AR 23. At step two, the ALJ identified a fibromyalgia, hypertension, asthma, toothache, back disorder, degenerative joint disease, history of uterine fibroids, anxiety disorder, and depressive disorder as medically determinable impairments. AR 23. However, the ALJ found that Plaintiff does not have an impairment or combination of impairments that has significantly limited or is expected to significantly limit her ability to perform basic work-related activities for 12 consecutive months and therefore Plaintiff does not have a severe impairment or combination of impairments. AR 23. The ALJ therefore determined that Plaintiff had not been under a disability, as defined by the Social Security Act, since the date Plaintiff's application was filed. AR 27.

# STANDARD OF REVIEW

**Disability Standard**

To qualify for benefits, a claimant must establish that he or she is unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 1382c(a)(3)(A). A claimant must show that he or she has a physical or mental impairment of such severity that he or she is not only unable to do his or her previous work, but cannot, considering his or her age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. *Quang Van Han v. Bowen*, 882 F.2d 1453, 1456 (9th Cir. 1989). The burden is on the claimant to establish disability. *Terry v. Sullivan*, 903 F.2d 1273, 1275 (9th Cir. 1990).

**Scope of Review**

Congress has provided a limited scope of judicial review of the Commissioner's decision to deny benefits under the Act. In reviewing findings of fact with respect to such determinations, this Court must determine whether the decision of the Commissioner is supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence means "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 402 (1971), but less than a preponderance. *Sorenson v. Weinberger*, 514 F.2d 1112, 1119, n. 10 (9th Cir. 1975). It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. This Court must consider both the evidence that supports and the evidence that detracts from the Commissioner's conclusion. *Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985). In weighing the evidence and making findings, the Commissioner must apply the proper legal standards. *E.g., Burkhart v. Bowen*, 856 F.2d 1335, 1338 (9th Cir. 1988). This Court must therefore uphold the Commissioner's determination that a claimant is not disabled if the Commissioner applied the proper legal standards, and if the Commissioner's findings are supported by substantial evidence. *See Sanchez v. Sec'y of Health and Human Serv.*, 812 F.2d 509, 510 (9th Cir. 1987).

# **DISCUSSION** [3]

Plaintiff contends that ALJ Pittman improperly found that Plaintiff does not suffer from a severe mental impairment. (Doc. No. 14 at 3-8.) More specifically, Plaintiff argues that ALJ Pittman should not have applied a presumption of nondisability based on ALJ Larsen's prior decision and that the findings regarding the severity of Plaintiff's mental impairments lack the support of substantial evidence. (Doc. No. 14 at 5, 7-8.) While the Court agrees that ALJ Pittman erred in applying the presumption of nondisability, this error was harmless and ALJ Pittman's finding at step two of the five-step analysis that Plaintiff's mental impairments were non-severe is supported by substantial evidence.

## A. The Presumption of Nondisability

Principles of res judicata apply to administrative decisions, although not as rigidly as they are applied to judicial proceedings. *See Chavez v. Bowen,* 844 F.2d 691, 693 (9th Cir. 1988); *Gregory v. Bowen,* 844 F.2d 664, 666 (9th Cir. 1993). A binding determination of nondisability creates a presumption of continuing nondisability for the period after the date of the prior decision. *Miller v. Heckler*, 770 F.2d 845, 848 (9th Cir. 2011); *Lester v. Chater*, 81 F.3d 821, 827 (9th Cir. 1995). This presumption may be overcome where the claimant proves there are "changed circumstances" indicating a greater disability, such as the existence of a new impairment or an increase in the severity of an impairment. *Lester,* 81 F.3d at 827. Additionally, the presumption is not to be rigidly applied where the claimant was unrepresented by counsel at the time of the prior claim. *Lester,* 81 F.3d at 827; *see also Gregory,* 844 F.2d at 666.

Here, ALJ Larsen found that Plaintiff was not disabled under her prior claim because her medically determinable impairments were non-severe. AR 80-88. ALJ Larsen's decision became final and binding following the Appeals Council's denial of Plaintiff's request for review. *See* AR 92-98, 123-124. Plaintiff's current application was filed April 15, 2013, and alleges disability beginning on December 16, 2011, the day after ALJ Larsen's opinion was issued. AR 80-88, 209-233. Thus, the

---

[3] The parties are advised that the Court has carefully reviewed and considered all briefs, including arguments, points and authorities, declarations, and/or exhibits. Any omission of a reference to any specific argument or brief is not to be construed that the Court did not consider the argument or brief.

presumption that Plaintiff continued to be able to work from December 16, 2011 and onward applies unless Plaintiff demonstrates changed circumstances sufficient to rebut the presumption.

In his decision, ALJ Pittman acknowledged ALJ Larsen's prior decision and the resulting presumption of continuing nondisability. AR 20. ALJ Pittman further recognized that a claimant may rebut the presumption of continuing nondisability by showing changed circumstances, such as an increase in severity of an impairment or the alleged existence of an impairment not previously considered. AR 20. However, ALJ Pittman concluded that Plaintiff had not rebutted the presumption of nondisability arising from ALJ Larsen's decision because "[t]here has been no change in her age category, no increase in the severity of her impairments, and no change in the criteria for determining mental disability." AR 21. ALJ Pittman did not address whether Plaintiff had alleged the existence of an impairment not previously considered by ALJ Larsen or the effect of Plaintiff's unrepresented status at the time of her prior application. AR 20-28.

ALJ Pittman erred in giving res judicata effect to ALJ Larsen's prior unfavorable decision dated December 15, 2011. The presumption of nondisability should not be rigidly applied where the claimant was unrepresented by counsel at the time of the prior claim. *Lester,* 81 F.3d at 827. Further, the Court cannot adequately determine from the record whether ALJ Pittman applied the proper legal standards in finding that Plaintiff failed to rebut the presumption of continuing nondisability or whether this finding is supported by substantial evidence. Specifically, the record does not indicate whether or not ALJ Larsen's prior decision considered Plaintiff's headaches, fibromyalgia, hypertension, toothache, degenerative joint disease, and history of uterine fibroids, all of which were before ALJ Pittman in his later decision. *See* AR 23. It is therefore not clear whether these are new impairments that would be sufficient to rebut the presumption of nondisability. Given the lack of information in the record, as well as the fact that ALJ Pittman did not address the effect of Plaintiff's unrepresented status or the issue of changed circumstances arising from allegations of new impairments in his February 24, 2016 decision, the Court cannot adequately determine whether ALJ Pittman applied the proper legal standards in finding that Plaintiff "has NOT rebutted the presumption of continuing nondisability" or whether this finding was supported by substantial evidence. *See* AR 21.

However, the Court finds that ALJ Pittman's error was harmless. After finding that the application of the presumption of continuing nondisability was warranted, the ALJ proceeded to weigh the medical evidence using the traditional five-step approach. AR 23-28. ALJ Pittman's opinion indicates that he independently analyzed whether Plaintiff suffered from a severe impairment or combination of impairments and considered new evidence relevant to that determination that did not exist at the time of ALJ Larsen's prior decision. *See* AR 23-28; *see, e.g., Cha Yang v. Comm'r of Soc. Sec. Admin.*, 488 Fed.Appx. 203, 204 (9th Cir. 2012) (ALJ's error in applying res judicata harmless where ALJ weighed claimant's medical evidence); *McGlothen v. Colvin,* No. 2:15-CV-204-GJS, 2015 WL 5706186, at *3-4 (C.D. Cal. Sept. 29, 2015) (ALJ's error in applying res judicata principles was harmless where ALJ independently analyzed whether claimant suffered from a listed impairment and considered new evidence). As discussed below, ALJ Pittman's finding that Plaintiff did not suffer from a severe mental impairment was supported by substantial evidence. Therefore, any error in applying the presumption of nondisability was harmless. *SeeMolina v. Astrue,* 674 F.3d 1104, 1115 (9th Cir. 2012) ("[A]n ALJ's error is harmless where it is 'inconsequential to the ultimate nondisability determination.'" (citations omitted)).

**B.      Step Two Findings**

Plaintiff contends that ALJ Pittman erred at step two of the five-step analysis by improperly finding that Plaintiff's mental impairments were non-severe. Plaintiff does not challenge ALJ Pittman's finding that Plaintiff's physical impairments were non-severe.

At step two, a claimant must make a "threshold showing" that (1) he has a medically determinable impairment or combination of impairments and (2) the impairment or combination of impairments is severe. *Bowen v. Yucket*, 482 U.S. 137, 146-47 (1987); *see also* 20 C.F.R. §§ 404.1520(c), 416.920(c). Thus, the burden of proof is on the claimant to establish a medically determinable severe impairment that significantly limits his physical or mental ability to do basic work activities, or the "abilities and aptitudes necessary to do most jobs." 20 C.F.R. §§ 404.1521(a), 416.921(a).

Here, in reviewing the medical evidence, ALJ Pittman found that "[t]he claimant's medically determinable mental impairments of anxiety disorder and depressive disorder do not cause more than a

minimal limitation in the claimant's ability to perform basic mental work activities and are therefore nonsevere." AR 25. Plaintiff argues that "[t]he more recent medical evidence appears to shed more light on the severity of [Plaintiff's] mental impairments." (Doc. 14 at 5-8.) Plaintiff argues that ALJ Pittman's reliance on Dr. S. Regan, M.D.'s opinion that the evidence was insufficient to substantiate the presence of a mental disorder was in error because it "predated the bulk of evidence" and "[o]ther than citing to Dr. Regan's opinion, the ALJ provides no meaningful analysis regarding the assessment of the relevant areas of the Listings." (Doc. No. 14 at 7.) However, ALJ Pittman's determination that Plaintiff's mental impairments are non-severe was correct for several reasons.

As an initial matter, ALJ Pittman did not rely solely on Dr. Regan's opinion in coming to his conclusions or evaluating the relevant listing criteria as Plaintiff claims. ALJ Pittman's decision indicates that he considered all medical evidence in the record as it expressly addresses the assessment from Lance Portnoff, Ph.D. as well as Plaintiff's own treating sources in coming to his conclusion. AR 25-27. ALJ Pittman separately considered the medical evidence and portions of the record that were not available at the time of Dr. Regan's report and found that they did not support Plaintiff's complaints of extreme psychiatric symptoms. AR 25. To the contrary, ALJ Pittman found that this evidence "considerably weaken[ed] the credibility of the claimant's allegations." AR 27.

ALJ Pittman further noted that "[n]one of the claimant's treatment providers submitted an opinion detailing her ability to perform simple tasks or interact with others during the workday, or opining that she is unable to perform these activities." AR 26. In fact, Plaintiff's "treatment records do not show that any provider advised her to avoid certain activities or situations." AR 26. Notably, Plaintiff does not identify any functional limitations that were suggested by a medical source yet ignored by the ALJ.

The Ninth Circuit has held that "[t]he mere existence of an impairment is insufficient proof of a disability." *Matthews v. Shalala*, 10 F.3d 678 (9th Cir. 1993). In other words, a medical diagnosis alone does not make an impairment qualify as "severe." *See Febach v. Colvin*, 580 Fed.Appx. 530, 531 (9th Cir. 2014) ("Although [claimant] was diagnosed with depression, that diagnosis alone is insufficient for finding a 'severe' impairment[.] ... There was sufficient evidence ... for the ALJ to conclude that [his] depression is not 'severe,' including reports by at least three of [his] physicians suggesting that his

impairment is 'non-severe.'"). In *Parks v. Astrue*, 304 Fed.Appx. 503 (9th Cir. 2008), the Ninth Circuit affirmed an ALJ's step two finding and explained:

> Although treating psychiatrists diagnosed [claimant] with major depression in both 2001 and 2004, neither expressed an opinion as to any resulting limitations, and [claimant] infrequently sought mental health treatment. Further, the state agency examining psychologist found only mild functional limitations, with the most recent examination reporting a 'fair to good' prognosis and finding that [claimant] had the ability to perform detailed and complex tasks, maintain adequate concentration, persistence and pace, maintain adequate social functioning, and adapt to the usual stresses of competitive work.

*Id.* at 506. Like in *Parks*, while the record here demonstrates that Plaintiff was diagnosed with bipolar 1, anxiety, mood disorder, psychotic disorder, bulimia nervosa, PTSD, and paranoid personality disorder, no physician, mental health provider, or other medical source expressed an opinion as to the effect(s), if any, of Plaintiff's diagnosed mental impairments on her ability to do basic work activities. *See* AR 435, 459, 448.

The "paragraph B" criteria set forth in 20 C.F.R., Pt. 404, Subpart P, App. 1 are used to evaluate the mental impairments of a claimant, and include: "[a]ctivities of daily living; social functioning; concentration, persistence, or pace; and episodes of decompensation." *See* id. The Regulations inform claimants:

> If we rate the degree of your limitation in the first three functional areas as "none" or "mild" and "none" in the fourth area, we will generally conclude that your impairment(s) is not severe, unless the evidence otherwise indicates that there is more than a minimal limitation in your ability to do basic work activities.

20 C.F.R. § 404.1520a(d)(1). Based on the record, the ALJ concluded Plaintiff had no restriction in activities of daily living, no difficulties in maintaining social functioning, no difficulties in maintaining concentration, persistence and pace, and no repeated episodes of decompensation. AR 26. As a result, the ALJ appropriately concluded that Plaintiff's mental impairments are non-severe. AR 27.

Moreover, substantial evidence, including the findings of consultative examiner Lance Portnoff, Ph. D. and reviewing physician Dr. Regan, supports the ALJ's determination at step two. Dr. Portnoff opined that he did not see any credible evidence that Plaintiff has a genuine mental disorder and did not identify any limitations in performing basic work activities. AR 408-410. Likewise, Dr. Regan opined

that the evidence was insufficient to establish the presence of a severe mental impairment and made no findings regarding Plaintiff's limitations in performing basic work activities. AR 111-121. Plaintiff's subsequent treatment notes concerning her alleged mental impairments identify frequent inconsistencies with Plaintiff's alleged symptoms, state there is insufficient information to come to a diagnosis, document Plaintiff's refusal to cooperate with medical professionals and suggested treatment plans, and, as noted above, do not contain any indication that Plaintiff's treating sources opined she was unable to perform basic work activities. AR 25, 411-481.

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities." *Andrews v. Shalala,* 53 F.3d 1035, 1039 (9th Cir.1995). Where "the evidence can reasonably support either affirming or reversing a decision, we may not substitute our judgment for that of the [ALJ]." *Id.* (citation omitted). It is not this Court's function to second guess the ALJ and reevaluate the evidence. *See Gallardo v. Astrue*, No. 1:07CV01675DLB, 2008 WL 4183985 at *11 (E.D. Cal. Sept. 10, 2008) ("The role of this Court is not to second guess the ALJ and reevaluate the evidence, but rather it must determine whether the decision is supported by substantial evidence and free of legal error."); *see also German v. Comm'r of Soc. Sec.,* No. CIVS-09-2976-CMK, 2011 WL 924737 at *11-12 (E.D. Cal. Mar. 14, 2011) ("[i]t is not for this court to reevaluate the evidence"). Consequently, the Court finds no error with ALJ Pittman's conclusion that Plaintiff's mental impairments were non-severe.

## **CONCLUSION**

Based on the foregoing, the Court finds that the ALJ's decision is supported by substantial evidence in the record as a whole and is based on proper legal standards. Accordingly, this Court **DENIES** Plaintiff's appeal from the administrative decision of the Commissioner of Social Security. The Clerk of this Court is **DIRECTED** to enter judgment in favor of Defendant Nancy A. Berryhill, Acting Commissioner of Social Security, and against Plaintiff Yvonne Janetta Tunstall.

IT IS SO ORDERED.

Dated: **March 13, 2019**  /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE